**Grasiela LEDEZMA–GALVAN, aka Graciela Ledesma, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–72740.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 16, 2010.

Graciela Ledesma, Martin Avila Robles, Esquire, Immigration Practice Group, a Professional Corporation, San Francisco, CA, for Petitioner.

OIL, Rosanne Perry, Trial, Aviva Poczter, Senior Litigation Counsel, Mary Jane Candaux, Assistant Director, John Hogan, Senior Litigation Counsel, Kiley L. Kane, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

684

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Grasiela Ledezma–Galvan, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo constitutional questions and questions of law, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and we deny the petition for review.

The BIA properly concluded that Ledezma–Galvan was ineligible for pre-hearing voluntary departure because she failed to withdraw her application for cancellation of removal. *See* 8 C.F.R. § 1240.26(b)(1)(i)(B). Contrary to Ledezma–Galvan's assertion, an alien's eligibility for voluntary departure is a question of law which the BIA is permitted by regulation to review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii). It follows that Ledezma–Galvan's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).